947 F.2d 943
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie WALLACE, Petitioner,
v.
CLINCHFIELD COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 91-1592.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 2, 1991.
Decided Nov. 5, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-3439-BLA)
 Willie Wallace, petitioner pro se.
 Michael Francis Blair, Penn, Stuart, Eskridge & Jones, Abingdon, Va.; Michael John Denney, Jeffrey Steven Goldberg, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, SPROUSE and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Willie Wallace petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. We vacate and remand for further consideration of the medical evidence.
 
 
 2
 Wallace's claim was properly analyzed under Part 718 of the applicable regulations. The ALJ found the evidence sufficient to establish the existence of pneumoconiosis pursuant to 20 C.F.R.
 
 
 3
 § 718.202(a)(1), but insufficient to establish total disability pursuant to § 718.204(c). As the record contains no qualifying pulmonary function or blood gas studies, the controversy in this case centered on whether the medical reports of record established disability.
 
 
 4
 Dr. Kanwal, who submitted separate reports in 1984 and 1987, was the only physician of record to find Wallace totally disabled. Dr. Sargent found that Wallace's respiratory impairment would not affect his ability to work and Dr. Smiddy stated that objective studies did not reveal a totally disabling respiratory impairment.[1] The ALJ rejected Dr. Kanwal's report on the ground that he provided no explanation for attributing Wallace's impairment solely to coal dust exposure in his 1987 report when in 1984 he had attributed his impairment to both coal dust exposure and smoking.
 
 
 5
 Initially, we find that the ALJ improperly rejected Dr. Kanwal's opinion regarding the presence of a totally disabling respiratory impairment based on the doctor's findings regarding the cause of his respiratory impairment. The ALJ's rejection of a physician's opinion regarding causation does not logically require rejection of his opinion regarding disability. Also, the cause of a miner's impairment is not relevant unless it is first established that the impairment is totally disabling. See 20 C.F.R. § 718.204(c)(5).
 
 
 6
 Moreover, the ALJ's causation analysis is inconsistent with the principals enunciated in Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990). In that case, we held that, to establish entitlement to benefits, a claimant must prove only that his pneumoconiosis was "at least a contributing cause" of his totally disabling respiratory impairment. Id. at 38. Although Dr. Kanwal's 1984 report stated that smoking contributed to Wallace's respiratory impairment, both reports clearly stated that pneumoconiosis contributed to his impairment. Moreover, Dr. Sargent's report, upon which the ALJ relied in finding no disability, stated that he could not determine whether smoking or coal dust exposure caused the miner's respiratory impairment. These medical reports were therefore sufficient under Robinson to support a finding that any totally disabling respiratory impairment was due to coal dust exposure.
 
 
 7
 Finally, a close review of Dr. Kanwal's reports does not reveal any distinct change in his opinion between 1984 and 1987. His earlier report attributed disability to coal dust exposure and smoking. His second report, which was actually a letter and much less comprehensive than his first report, discussed Wallace's symptoms and physical limitations and, below the physician's signature, stated "P.S.... I feel his respiratory symptoms are related to his coal mining work in gassy mines." The report never purported to exclude smoking as a factor contributing to Wallace's impairment.
 
 
 8
 Accordingly, the decision of the Benefits Review Board is vacated and the case is remanded to the Board for further remand to an ALJ for further consideration of the medical evidence of record consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.[2]
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 We note that the ALJ did not discuss Dr. Smiddy's report when weighing the medical opinions
 
 
 [2]
 We grant Respondent Clinchfield Coal Company's Motion For Acceptance of Brief and have considered their informal brief in our disposition